ELECTRONICALLY FILED
2013-Jul-17 16:03:32
60CV-13-2843

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**GLEN NEWBY**                                                                                **PLAINTIFF**

**v.**                                            **CASE NO. _____**

**NATIONAL UNION FIRE INSURANCE COMPANY;**
**LOTS SOLUTIONS; and**
**AIG PROPERTY CASUALTY**                                              **DEFENDANTS**

## COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Comes now Glen Newby (hereinafter "Plaintiff"), by and through his attorneys, Rose

Law Firm, a Professional Association, and for his Complaint against Defendants National Union

Fire Insurance Company, Lots Solutions, and AIG Property Casualty (hereinafter "Defendants"),

states as follows:

1.      Plaintiff is a resident of Pulaski County, Arkansas.

2.      Defendant National Union Fire Insurance Company is a corporation with its

principal place of business in Pennsylvania.

3.      Defendant Lots Solutions is a corporation with is principal place of business in

Florida.

4.      Defendant AIG Property Casualty is a corporation with its principal place of

business in New York.

5.      This Court has jurisdiction over the parties and subject matter of this action

pursuant to Ark. Code Ann. §§ 16-13-201 and 16-58-120.



EXHIBIT
A

## A. Factual Allegations

6.      Plaintiff entered into an insurance contract (hereinafter "the Policy") with Defendant National Union Fire Insurance Company, effective May 18, 2011. A copy of the Policy is attached hereto as Exhibit 1.

7.      The Policy contained a Total Temporary Disability Accident Benefit that covered accidents rendering a person totally temporarily disabled within ninety (90) days after the accident. This is defined as an accident that "prevents an Insured Person from performing the material and substantial duties of his or her own occupation." Exhibit 1 at 6.

8.      On June 19, 2012, Plaintiff suffered an accident while moving his motorcycle that resulted in Plaintiff's sciatic nerve becoming pinched and causing severe pain to Plaintiff's right side.

9.      Plaintiff submitted a claim under the policy on or around September 26, 2012, for Temporary Total Disability. *See* Temporary Total Disability Accident Claim Form, attached hereto as Exhibit 2.

10.     Plaintiff also submitted an Attending Physician's Statement concerning the accident, which was dated October 6, 2012. *See* Attending Physician's Statement, attached hereto as Exhibit 3. It states that the Plaintiff has never had this injury before and further states that the Plaintiff is totally disabled.

11.     LOTSolutions, the program administrator for the policy, first denied benefits to Plaintiff under the policy because "disability is not due to dismemberment or paralysis based on the attending physician's statement." *See* Letter from LOTSolutions dated November 5, 2012, attached hereto as Exhibit 4.

12.     LOTSolutions next denied benefits to Plaintiff under the policy because "you were not enrolled in the policy at the date of your loss, 9/25/09. Notes received indicate ongoing treatment for this diagnosis." *See* Letter from LOTSolutions dated December 11, 2012, attached hereto as Exhibit 5.

13.     Plaintiff eventually required surgery for this injury. The surgery occurred in February of 2013.

14.     Plaintiff's surgery alleviated the pain to Plaintiff's right side but instigated a new, never-before-present disabling pain to Plaintiff's left side. Plaintiff's medical provider has stated that this was a new injury. *See* Attending Physician's Statement, attached hereto as Exhibit 6. In addition, the attending physician has stated that Mr. Newby has been unable to perform any work since the date of the surgery in February 7, 2013. *See* Progress Notes, attached hereto as Exhibit 7.

15.     Plaintiff submitted another claim form to the insurer on or around April 17, 2013. *See* Temporary Total Disability Accident Claim Form, attached hereto as Exhibit 8.

16.     As a result of the injury, Plaintiff has been unable to perform the material duties of his occupation at De Wafelbakkers.

17.     Plaintiff submitted an appeal of these denials on January 11, 2013.

18.     After Plaintiff filed a complaint with the Arkansas Attorney General's Office, Plaintiff received a copy of a letter from Defendant AIG Property Casualty to the Attorney General's Office dated March 13, 2013, stating that Lots Solutions "was currently reviewing" the matter. *See* Letter dated Mar. 13, 2013, attached hereto as Exhibit 9.

19.     Plaintiff 's counsel contacted AIG Property Casualty and LOTSolutions by letter dated June 20, 2013, notifying Defendants that Plaintiff intended to file this Complaint. *See* Letter dated June 20, 2013, attached hereto as Exhibit 10.

20.     Plaintiff has still not received a decision on his appeal or a statement satisfactorily justifying the denial of his claim.

21.     Plaintiff has continued to pay his monthly premiums on the policy.

### B.     Count 1:  Breach of Contract

22.      Plaintiff realleges and incorporates Paragraphs 1-21 herein.

23.     Plaintiff entered a contract with Defendant National Union Fire Insurance Company, whereby, in exchange for Plaintiff's monthly premiums, Defendant would pay the contractual benefit due for Plaintiff's rightful claims.

24.     Plaintiff has paid his premiums each month.

25.     Plaintiff's injury resulted in his temporary total disability as defined by the Policy because the injury prevented Plaintiff from "performing the material and substantial duties of his or her own occupation."

26.     Therefore, Plaintiff's claim for temporary total disability was proper.

27.     Defendant's letter denying Plaintiff's claim, dated November 5, 2012, does not include a valid reason for denying Plaintiff's claim.

28.     Defendant's letter denied Plaintiff's claim because Plaintiff's disability "is not due to dismemberment or paralysis."

29.     There is no requirement in the Policy limiting temporary total disability claims to those claims of dismemberment or paralysis.

30.     Further, Defendant's letter denying Plaintiff's claim, dated December 11, 2012, does not present a valid reason for denying Plaintiff's claim.

31.     This letter stated that Plaintiff's claim was denied because his loss was incurred on September 25, 2009, and Plaintiff was receiving ongoing treatment for his diagnosis.

32.     This is untrue.

33.     Plaintiff's injury sustained on June 19, 2012, constituted a new loss and accident under the Policy.

34.     Further, Plaintiff's injuries during surgery are attributable to his June 19, 2012, accident.  As noted in Plaintiff's physicians' report, Plaintiff did not have the condition that resulted from the injurious surgery prior to surgery.

35.     Defendant has refused to pay Plaintiff's rightful claims as required by contract.

36.     Therefore, Defendant is in breach of contract in the amount of $4,200 per month for the months that Defendant has been disabled, as set out in the Policy.  Exhibit 1 at 5.

37.      Further, Plaintiff seeks attorneys fees and costs pursuant to Arkansas Code Ann. § 16-22-308.

38.     Plaintiff also seeks prejudgment interest because the amount of debt is easily ascertainable.

### C.     Count 2:  Tort of Bad Faith

39.     Plaintiff realleges and incorporates Paragraphs 1-38 herein.

40.     Plaintiff has properly paid his premiums due under the Policy.

41.     Defendant has maliciously refused to pay under the Policy without good defense.

42.     Plaintiff has been told by two employees of Defendant Lots Solutions that the company has a systemic practice of denying claims until an insured ceases to pay his premiums,

thus wrongfully letting the company off the hook for its contractual obligation to pay. *See* Affidavit of Glen Newby, attached as Exhibit 11.

43.    Accordingly, Plaintiff seeks attorneys fees, the amount of the policy benefit, plus twelve (12) percent of that loss pursuant to Ark. Code Ann. § 23-79-208.

44.    Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff respectfully requests entry of judgment, money damages, prejudgment interest, and attorneys fees, and all other relief that justice so requires.

Respectfully submitted,

ROSE LAW FIRM,
A PROFESSIONAL ASSOCIATION
120 East Fourth Street
Little Rock, Arkansas  72201
Telephone:  (501) 375-9131
Facsimile:  (501) 375-1309
kperkins@roselawfirm.com

ATTORNEYS FOR PLAINTIFF

By: _____
Kathryn Bennett Perkins
Arkansas Bar No. 92231
Haley Heath Burks
Arkansas Bar No. 2011286

National Union Fire Insurance Company of Pittsburgh, Pa.
Program Administrative Office      *copy of Policy*
PO Box 44260
Jacksonville, FL 32231

Glen D. Newby                                    Re: Customer No. 51646840
717 Silver Hill Rd                               Effective Date: 05/18/2011
N Little Rock, AR      72118 - 2655

Dear Glen D. Newby,

Congratulations!  You made a smart decision to enroll in this insurance plan underwritten by
National Union Fire Insurance Company of Pittsburgh, Pa.  Your coverage will take effect on the
effective date shown above and on your insurance documents.

Please take the time to review and familiarize yourself with the information National Union has
included in this enrollment package.  As you review the packet, please do the following:

- Verify that your name and address are correct
- Confirm the accuracy of the information included on the benefit schedule.
- Review the exclusions and limitations included in the insurance documents

Thank you for choosing National Union.  If you have any questions about your new coverage or your
billing, please call National Union at 888-449-4544 weekdays between 7 a.m. to 10 p.m. Eastern Time
and 7 a.m. to 3 p.m. Eastern Time on Saturday.  We appreciate the opportunity to provide you with this
valuable coverage and we look forward to serving you.

Sincerely,

*Jonathan Yee*

Jonathan Yee
Senior Vice President of Consumer Marketing
Domestic Accident & Health Division

EXHIBIT
1

This Accident Insurance Coverage is underwritten by National Union Fire Insurance Company of Pittsburgh, Pa., with its principal place of business at
New York, NY.  Insurance products are NOT insured by the F.D.I.C., are not deposits of any other government agency, are not deposits or other
obligations of any bank, and are not guaranteed by any bank.          0904.077 GEN1

# NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

Executive Offices: New York, NY

(a capital stock company, herein referred to as the Company)

Administrator:  PO Box 44260 Jacksonville, FL 32231

Policyholder: U.S. Bancorp
Policy Number: 9541790

## GROUP ACCIDENT INSURANCE CERTIFICATE

**ABOUT THIS CERTIFICATE.**  This certificate describes accident insurance the Company provides to Insured Persons under the Group Policy (herein called the Policy) issued to the Policyholder.

**RIGHT TO EXAMINE THIS CERTIFICATE.**  This certificate of insurance is issued to You, the Insured, and can be returned for any reason within the later of: (1) 30 days after it is received by You; or (2) 30 days after Your Coverage Effective Date.  The certificate should be returned by mail or in person to the Company.  Any premium paid will be refunded and the certificate will be treated as if it were never issued.

The President and Secretary of National Union Fire Insurance Company of Pittsburgh, Pa. witness this Certificate:

President

Secretary

## PLEASE READ THIS CERTIFICATE CAREFULLY.

**THIS CERTIFICATE IS NOT A MEDICARE SUPPLEMENT CONTRACT.  If you are eligible for Medicare, review the Guide to Health Insurance for People with Medicare available from this Company.**

A30298NUFIC - AR                                          24Q DM-AP

## SCHEDULE

**CLASSIFICATION OF ELIGIBLE PERSONS:**

Class 1       All Accountholders of U.S. Bancorp
Class 2       Eligible Spouses of Class 1 Insureds

**INSURED:** Glen D. Newby

**CUSTOMER NUMBER:** 51646840

**COVERAGE EFFECTIVE DATE:** 05/18/2011

**PREMIUM PAYMENTS:**

Monthly Premium: $29.95

**COVERED ACTIVITIES:**
- 24 Hour Coverage

**BENEFIT SCHEDULE:**

| Benefit | Maximum Amount | |
|---|---|---|
| | Primary Insured | Insured Spouse |
| Accidental Dismemberment Benefit | $1,000 | $250 |
| | | |
| Total Temporary Disability Accident Benefit | $4,200 | $1,050 |
| Elimination Period: 3 consecutive months | | |
| Maximum Number of Months Payable: 24 | | |
| | | |
| Physician's Office Visit Indemnity Benefit | | |
| Benefit Amount Per Visit | $25.00 | $25.00 |
| Family Maximum Number of Visits Per Calendar Quarter: 1 | | |
| Lifetime Family Maximum Number of Visits: 20 | | |

The Maximum Amounts are used to determine amounts payable under each Benefit. Actual amounts payable will not exceed the maximums, and may be less than the maximums under circumstances specified in this Certificate.

The Maximum Amounts specified above for an Insured Person who is age 70 or older on the date of an accident for which benefits are payable, except the Physician's Office Visits Indemnity Benefit, will be reduced by 50%.

## DEFINITIONS

Any capitalized terms in this Certificate and any riders, endorsements, or other attached papers are to be given the meanings as ascribed in this section or as later defined.

**Age** - means the age of the Insured Person on the Insured Person's most recent birthday, regardless of the actual time of birth.

**Covered Activity (ies)** - means those activities set out in the Covered Activities section of the Schedule with respect to which Insured Persons are provided accident insurance under the Policy.

**Eligible Spouse** – means Your legal spouse.

**Eligible Dependent** – means an Eligible Spouse.

**Immediate Family Member** - means a person who is related to the Insured Person in any of the following ways: spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law, father-in-law, parent (includes stepparent), grandparent, brother or sister (includes stepbrother or stepsister), or child (includes legally adopted or stepchild).

**Injury** - means bodily injury: (1) which is sustained as a direct result of an unintended, unanticipated accident that is external to the body and that occurs while the injured person's coverage under the Policy is in force; (2) which directly (independent of sickness, disease, mental incapacity, bodily infirmity or any other cause) causes a covered loss.

**Insured** - means a person: (1) who is a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Schedule; (2) for whom premium has been paid when due; (3) while covered under the Policy; and (4) who has enrolled for coverage under the Policy, if required. However, an Insured does not include any person covered under the Policy solely as an Insured Dependent.

**Insured Dependent** – means Your Insured Spouse.

**Insured Person** – means the Insured or an Insured Dependent.

**Insured Spouse** – means Your Eligible Spouse; (1) whom You have elected to cover under the Policy; (2) for whom premium has been paid when due; and (3) while covered under the Policy.

**Physician** - means a licensed practitioner of the healing arts acting within the scope of his or her license who is not: 1) the Insured Person; 2) an Immediate Family Member; or 3) retained by the Policyholder.

**You, Your** – means the Insured.

## INSURED'S EFFECTIVE AND TERMINATION DATES

**Effective Date.** Your coverage under the Policy begins on the latest of: (1) the Policy Effective Date; (2) the date for which the first premium for Your coverage is paid when due; (3) the date You become a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Schedule; (4) if individual enrollment is required, the date written enrollment is received; or (5) the Coverage Effective Date shown in the Schedule.

**Termination Date.** Your coverage under the Policy ends on the earliest of: (1) the date the Policy is terminated (unless the Company and the Policyholder agree, in writing, to permit coverage to continue to the end of the period for which premiums have been paid in lieu of a return of unearned premiums); (2) the premium due date if premiums are not paid when due; (3) the date You cease to be a member of any eligible class(es) of persons, as described in the Classification of Eligible Persons section of the Schedule; (4) the date You request, in writing, that Your coverage be terminated; or (5) the date You attain Age 75.

Termination of coverage will not affect a claim for a covered loss that occurred while Your coverage was in force under the Policy.

## INSURED DEPENDENT'S EFFECTIVE AND TERMINATION DATES

**Effective Date.** Your Eligible Dependent's coverage under the Policy begins on the latest of: (1) the date Your coverage under the Policy begins, (2) the date the first premium for the Eligible Dependent's coverage is paid when due; (3) the date the person becomes an Eligible Dependent; or 4) if individual enrollment is required, the date Your written enrollment is received.

**Termination Date.** An Insured Dependent's coverage under the Policy ends on the earliest of: (1) the date Your coverage under the Policy ends; (2) the premium due date if premiums for the Insured Dependent are not paid when due; (3) the date You request, in writing, that coverage for the Insured Dependent be terminated; (4) the date the

Insured Dependent ceases to meet the definition of an Eligible Dependent; or (5) the date the Insured Dependent attains Age 75.

Termination of coverage will not affect a claim for a covered loss that occurred while the Insured Dependent's coverage was in force under the Policy.

## PREMIUM

**Premiums.** The Company provides insurance in return for premium payments. The premium shown in the Schedule is payable to the Company in the manner described in the Schedule. The Company may change the required premiums due by giving the Policyholder at least 31 days advance written notice. The Company may also change the required premiums at any time when any coverage change affecting premiums is made in the Policy.

**Grace Period.** A Grace Period of 31 days will be provided for the payment of any premium due after the first. An Insured Person's coverage will not be terminated for nonpayment of premium during the Grace Period if all premiums due are paid by the last day of the Grace Period. An Insured Person's coverage will terminate on the last day of the period for which all premiums have been paid if all premiums due are not paid by the last day of the Grace Period.

If the Company expressly agrees to accept late payment of a premium without terminating coverage under the Policy, the Company does so in accordance with the Noncompliance with Policy Requirements provision of the General Provisions section.

No Grace Period will be provided if the Company receives notice to terminate the Insured Person's coverage under the Policy prior to a premium due date.

## BENEFITS

**Maximum Amount.** As applicable to each Benefit provided by the Policy for each Insured Person, Maximum Amount means the amount shown as the maximum amount for that Benefit for the Insured Person's class in the Benefit Schedule, subject to the Reduction Schedule shown in the Limitations section.

### Accidental Dismemberment Benefit

If Injury to the Insured Person results, within 90 days of the date of the accident that caused the Injury, in any one of the Losses specified below, the Company will pay the percentage shown below of the Accidental Dismemberment Benefit Maximum Amount shown in the Benefit Schedule for that Loss:

| For Loss of | Percentage of Maximum Amount |
|---|---|
| Both Hands or Both Feet | 100% |
| Sight of Both Eyes | 100% |
| One Hand and One Foot | 100% |
| One Hand and the Sight of One Eye | 100% |
| One Foot and the Sight of One Eye | 100% |
| One Hand or One Foot | 50% |
| The Sight of One Eye | 50% |

"Loss" of a hand or foot means complete severance through or above the wrist or ankle joint. "Loss" of sight of an eye means total and irrecoverable loss of the entire sight in that eye.

If more than one Loss is sustained by an Insured Person as a result of the same accident, only one amount, the largest, will be paid.

### Total Temporary Disability Accident Benefit

If, as a result of an Injury, an Insured Person is rendered Temporarily Totally Disabled within 90 days of the date of the accident that caused the Injury, and if the Temporary Total Disability due to that Injury continues throughout the Elimination Period as shown in the Benefit Schedule, the Company will pay a monthly benefit beginning in the month following the Elimination Period. The monthly benefit is equal to 100% of the Total Temporary Disability Accident Maximum Amount as shown in the Benefit Schedule. The Benefit is payable as long as the Insured Person remains continuously Temporarily Totally Disabled due to that Injury, but ceases on the earliest of: (1) the date the Insured Person ceases to be Temporarily Totally Disabled due to that Injury; (2) the date the Insured Person dies; or (3) the date this Benefit has been paid for the Maximum Number of Months Payable as shown in the Benefit Schedule. The Company will pay benefits calculated at a rate of 1/30th of the monthly benefit for each day for which the Company is liable when the Insured Person is Temporarily Totally Disabled for less than a full month. Only one benefit is provided for any one month of Temporary Total Disability, regardless of the number of Injuries causing the Temporary Total Disability or the number of losses incurred.

**Benefit Offsets.** The Total Temporary Disability Benefit will be reduced by amounts paid to an Insured Person, due to the same Temporary Total Disability, under any of the following: other group insurance plans; salary continuance, accumulated sick leave; wage benefits under Workers' Compensation and similar laws; state statutory disability benefit laws.

A30298NUFIC - AR

5

24Q DM-AP

**Reduction.** The Reduction Schedule in the Limitations section of the Certificate is applicable to this Benefit.

**Recurrent Disability.** Recurrent periods of Temporary Total Disability, due to the same or a related Injury, will be considered one period of Temporary Total Disability if separated by less than 180 consecutive days of: (1) return to any full time work, if an occupational definition of Temporary Total Disability applies; or (2) performing the usual activities of a person of like age and sex whose health is comparable to that of the Insured Person immediately prior to the accident, if an occupational definition of Temporary Total Disability does not apply.

**Termination Date.** Coverage under this Benefit ends on the date the Insured Person attains age 75.

**Definitions**

**Elimination Period** – as used in this Benefit means the period of consecutive months of Temporary Total Disability for which no benefit is payable. It begins on the first day of Temporary Total Disability.

**Temporarily Totally Disabled/Temporary Total Disability** - as used in this Benefit means: (1) disability that prevents an Insured Person from performing the material and substantial duties of his or her own occupation. However, with respect to an Insured Person for whom an occupational definition of Temporarily Totally Disabled/Temporary Total Disability is not appropriate, Temporarily Totally Disabled means that the Insured Person is temporarily unable to engage in any of the usual activities of a person of like age and sex whose health is comparable to that of the Insured Person immediately prior to the accident; and (2) requires that the Insured Person is under the supervision of a Physician unless the Insured Person has reached his or her maximum point of recovery.

A30298NUFIC-AR TTD

### Physician's Office Visits Indemnity Benefit

If the Insured Person visits a Physician's office for treatment while the Insured Person's coverage under this Benefit is in force, the Company will pay a benefit equal to the Per Visit Benefit shown in the Benefit Schedule, subject to the Maximum Number of Visits and the Maximum Benefit Amount shown in the Benefit Schedule. The Lifetime Maximum Number of Visits is shown in the Benefit Schedule.

**Termination Date.** Coverage under this Benefit ends on the date the Lifetime Maximum Number of Visits shown in the Benefit Schedule is met.

A30298NUFIC - AR

The Sickness exclusions in the Exclusions section of the Certificate or as amended shall not apply with respect to benefits payable under the Physician's Office Visits Indemnity Benefit.

A30298NUFIC-AR POV

## LIMITATIONS

**Reduction Schedule.** The Maximum Amount used to determine the amount payable for a loss will be reduced if an Insured Person is age 70 or older on the date of the accident causing the loss with respect to any of the following Benefits provided by the Policy: Accidental Dismemberment Benefit, Total Temporary Disability Accident Benefit. The Maximum Amount is reduced to a percentage of the Maximum Amount that would be used if the Insured Person were under age 70 on the date of the accident, according to the following schedule:

| AGE ON DATE OF ACCIDENT | PERCENTAGE OF UNDER-AGE-70 MAXIMUM AMOUNT |
|---|---|
| 70 and older | 50% |

Premium for an Insured Person age 70 or older is based on 100% of the coverage that would be in effect if the Insured Person were under age 70.

## EXCLUSIONS

No coverage shall be provided under the Policy and no payment shall be made for any loss resulting in whole or in part from, or contributed to by, or as a natural and probable consequence of any of the following excluded risks even if the proximate or precipitating cause of the loss is an accidental bodily Injury.

1. suicide or any attempt at suicide or intentionally self-inflicted Injury or any attempt at intentionally self-inflicted Injury or autoeroticism.
2. sickness, disease, mental incapacity or bodily infirmity whether the loss results directly or indirectly from any of these.
3. the Insured Person's commission of or attempt to commit a felony.
4. infections of any kind regardless of how contracted, except bacterial infections that are directly caused by botulism, ptomaine poisoning or an accidental cut or wound independent and in the absence of any underlying sickness, disease or condition including but not limited to diabetes.
5. declared or undeclared war, or any act of declared or undeclared war, except if specifically provided by the Policy.
6. full-time active duty in the armed forces,

24Q DM-AP

National Guard or organized reserve corps of any country or international authority. (Unearned premium for any period for which the Insured Person is not covered due to his or her active duty status will be refunded) (Loss caused while on short-term National Guard or reserve duty for regularly scheduled training purposes is not excluded).

7. travel or flight in or on (including getting in or out of, or on or off of) any vehicle used for aerial navigation, if the Insured Person is:

   a. riding as a passenger in any aircraft not intended or licensed for the transportation of passengers; or

   b. performing, learning to perform or instructing others to perform as a pilot or crew member of any aircraft; or

   c. riding as a passenger in an aircraft owned, leased or operated by the Policyholder or the Insured's employer;

8. the Insured Person being under the influence of intoxicants.

9. the Insured Person being under the influence of drugs unless taken under the advice of and as specified by a Physician.

10. the medical or surgical treatment of sickness, disease, mental incapacity or bodily infirmity whether the loss results directly or indirectly from the treatment.

11. stroke or cerebrovascular accident or event; cardiovascular accident or event; myocardial infarction or heart attack; coronary thrombosis; aneurysm.

12. the Insured Person riding in or driving any type of motor vehicle as part of a speed contest or scheduled race, including testing such vehicle on a track, speedway or proving ground.

13. any loss incurred while outside the United States, its Territories or Canada.

## CLAIMS PROVISIONS

**Notice of Claim.** Written notice of claim must be given to the Company within 20 days after an Insured Person's loss, or as soon thereafter as reasonably possible. Notice given by or on behalf of the Insured Person to the Company at LOTSolutions, Claims Department, P. O. Box 2066, Jacksonville, FL 32203-2066, with information sufficient to identify the Insured Person, is deemed notice to the Company.

**Claim Forms.** The Company will send claim forms to the claimant upon receipt of a written notice of claim. If such forms are not sent within 15 days after the giving of notice, the claimant will be deemed to have met the proof of loss requirements upon submitting, within the time fixed in the Policy for filing proofs of loss, written proof covering the

occurrence, the character and the extent of the loss for which claim is made. The notice should include Your name, the Insured Person's name, if different, the Policyholder's name and the Policy number.

**Proof of Loss.** Written proof of loss must be furnished to the Company within 90 days after the date of the loss. If the loss is one for which the Policy requires continuing eligibility for periodic benefit payments, subsequent written proofs of eligibility must be furnished at such intervals as the Company may reasonably require. Failure to furnish proof within the time required neither invalidates nor reduces any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity of the claimant, later than one year from the time proof is otherwise required.

**Payment of Claims.** Upon receipt of due written proof of death, payment for loss of life of an Insured Person will be made to the Insured Person's beneficiary as described in the applicable Beneficiary Designation and Change provision.

Upon receipt of due written proof of loss, payments for all losses, except loss of life, will be made to (or on behalf of, if applicable) the Insured Person suffering the loss. If an Insured Person dies before all payments due have been made, the amount still payable will be paid to his or her beneficiary as described in the applicable Beneficiary Designation and Change provision.

If any payee is a minor or is not competent to give a valid release for the payment, the payment will be made to the legal guardian of the payee's property. If the payee has no legal guardian for his or her property, a payment not exceeding $1,000 may be made, at the Company's option, to any relative by blood or connection by marriage of the payee, who, in the Company's opinion, has assumed the custody and support of the minor or responsibility for the incompetent person's affairs.

Any payment the Company makes in good faith fully discharges the Company's liability to the extent of the payment made.

**Time of Payment of Claims.** Benefits payable under the Policy for any loss other than loss for which the Policy provides any periodic payment will be paid immediately upon the Company's receipt of due written proof of the loss. Subject to the Company's receipt of due written proof of loss, all accrued benefits for loss for which the Policy provides periodic payment will be paid at the expiration of each month during the continuance of

A30298NUFIC - AR

7

24Q DM-AP

has misstated his or her age, there will be an adjustment of said benefit based on his or her true age. The Company may require satisfactory proof of age before paying any claim.

**Noncompliance with Policy Requirements.** Any express waiver by the Company of any requirements of the Policy will not constitute a continuing waiver of such requirements. Any failure by the Company to insist upon compliance with any Policy provision will not operate as a waiver or amendment of that provision.

**Physical Examination and Autopsy.** The Company at its own expense has the right and opportunity to examine the person of any individual whose loss is the basis of claim under the Policy when and as often as it may reasonably require during the pendency of the claim and to make an autopsy in case of death where it is not forbidden by law.

**Workers' Compensation.** The Policy is not in lieu of and does not affect any requirements for coverage by any Workers' Compensation Act or similar law.

A30298NUFIC - AR                                                    24Q DM-AP

National Union Fire Insurance Compa~ ,f
Pittsburgh, Pa.
Claims Department
P. O. Box 2066
Jacksonville, FL 32203
866-960-0772

**PROOF OF LOSS**

NAME OF GROUP: U.S. Bancorp

POLICY NUMBER: 51646840

## TEMPORARY TOTAL DISABILITY ACCIDENT CLAIM FORM

| INSURED'S FULL NAME (PLEASE PRINT) | | CERTIFICATE NO. (IF APPLICABLE) | |
| --- | --- | --- | --- |
| Glen Newby | | | |

| STREET ADDRESS | CITY | STATE | ZIP |
| --- | --- | --- | --- |
| 717 Silver Hill Rd | N Little Rock | Ar | 72118 |

| DATE OF BIRTH | HEIGHT AND WEIGHT | MARITAL STATUS | TELEPHONE |
| --- | --- | --- | --- |
| 6-19-62 | 5'9"   212 | Married | (501) 771-0320 |

| OCCUPATION | DUTIES | MONTHLY EARNINGS | WEEKLY EARNINGS |
| --- | --- | --- | --- |
| Machinery | Oper | 0 | was 17 25 hr |

| (1) | Give full description of injury or disease from which you are now suffering. If an injury, tell when, where and how it happened. | SICKNESS ☐  INJURY ☒ | | |
| --- | --- | --- | --- | --- |
| (2A) | Have you ever had this, or a similar condition, in the past? | Yes ☐   Condition(s) _____ | | |
| (2B) | If yes, state the nature of the condition, dates of treatment and names and addresses of treating doctors, hospitals and clinics. | No ☒   Dates: _____ | | |

| (3A) | Give exact date when illness began, or injury occurred. | (A) Date: _____ |
| --- | --- | --- |
| (B) | When did you first consult a physician for this condition? | (B) Date: _____ |
| (C) | When did you become totally disabled (unable to work)? | (C) Date: Sept 3 2012 |
| (D) | When were you able to again perform part of your occupational duties? | (D) Date: _____ |
| (E) | When were you able to again perform all of your occupational duties? | (E) Date: _____ |
| (F) | If still totally disabled, when do you expect your disability to terminate? | (F) Date: ? |

| (4) | Hospitals (Give complete names, addresses and dates of confinement.) | NAMES  V A | ADDRESSES  Little Rock Ar | FROM | TO |
| --- | --- | --- | --- | --- | --- |
| (5A) | Give names, addresses and telephone numbers of all attending physicians. | NAMES | ADDRESSES | TELEPHONE | |
| (B) | Give name, address and telephone number of usual family physician. | NAMES  Dr Li | ADDRESS  VA N Little Rock | TELEPHONE | |
| (6) | What other accident, sickness or disability insurance do you carry and what other organizations or companies have paid you indemnity for sickness or injury? | NAMES | ADDRESSES | BENEFITS | |
| (7) | What other medical or surgical treatment has been received during the past 5 years? (Give dates, nature of illness or injury and names and addresses of all treating doctors, hospitals and clinics.) | NAMES | ADDRESSES | None | |
| (8) | Names, addresses and telephone numbers of employers and length of employment with each? | NAMES  Rema Ctr butchers | ADDRESSES/TELEPHONE NUMBERS | FROM  Oct 2009 | TO  Sept 2012 |

I HEREBY CERTIFY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

| SIGN YOUR FULL NAME  Glen Newby | DATED  9-26-12 |
| --- | --- |

**AUTHORIZATION**

I, the undersigned authorize any hospital or other medical-care institution, physician or other medical professional, pharmacy, insurance support organization, governmental agency, group policyholder, insurance company, association, employer or benefit plan administrator to furnish to the Insurance Company named above or its representatives, any and all information with respect to any injury or sickness suffered by, the medical history of, or any consultation, prescription or treatment provided to, the person whose death, injury, sickness or loss is the basis of claim and copies of all of that person's hospital or medical records, including information relating to mental illness and use of drugs and alcohol, to determine eligibility for benefit payments under the Policy Number identified above. I authorize the group policyholder, employer or benefit plan administrator to provide the Insurance Company named above with financial and employment-related information. I understand that this authorization is valid for the term of coverage of the Policy identified above and that a copy of this authorization shall be considered as valid as the original. I understand that I or my authorized representative may request a copy of this authorization.

For claimants not residing in California, New York, or Pennsylvania: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

EXHIBIT

2

| SIGN YOUR FULL NAME  Glen Newby | DATED  9-26-12 |
| --- | --- |

PHYSICIAN'S STATEMENT ON OTHER SIDE

TEMPDIS/rev 1.0, 8/2002

## ATTENDING PHYSICIAN'S STATEMENT
### ACCIDENT OR SICKNESS

| PATIENT'S NAME AND ADDRESS | 717 Silver Hill Road | AGE |
|---|---|---|
| Glen D. Newby | North Little Rock 72118 | 50 |

| | | |
|---|---|---|
| (1A) | Diagnosis and Concurrent Conditions (If fracture or dislocation, describe nature and location.) | |
| (B) | Is condition due to injury or sickness arising out of patient's employment?   If "Yes" explain | Yes ☐   No ☒ |

| | | |
|---|---|---|
| (2A) | When did symptoms first appear or accident happen? | Date: 7, 12 |
| (B) | When did patient first consult you for this condition? | Date: 3, 22, 12 |
| (C) | Has patient ever had the same or similar condition?   If "Yes" state when and describe | Yes ☐   No ☒ |

| | | |
|---|---|---|
| (3A) | Nature of surgical or obstetrical procedure, if any (describe fully) | NONE |
| (B) | Charge to patient for this procedure, including post-operative care | Date performed: ___/___/___ |
| (C) | If performed in hospital, give name of hospital | Outpatient ☐        Inpatient ☐ |

| | | | CHARGE PER CALL |
|---|---|---|---|
| (4) | Give dates of other medical (non-surgical) treatment, if any | Office $ 697.80<br>Home $ —<br>Hospital $ —<br>Nursing Home $ —<br>Total (non-surgical) $ 697.80 | See attached list |
| | 3/22/12  3/31/12  9/12/12<br>3/27/12  9/4/12<br>3/26/12  9/7/12 | charges: | |

| | | |
|---|---|---|
| (5) | What other services, if any, did you provide or prescribe patient? (Itemize, giving dates and fees) | |

| | | |
|---|---|---|
| (6) | Is patient still under your care for this condition? If "no" give date your services terminated | Yes ☒   No ☐   Date: ___/___/___ |

| | | | | |
|---|---|---|---|---|
| (7A) | How long was or will patient be continuously totally disabled (unable to work)? | present | From: 3, 22, 12 | To: |
| (B) | How long was or will patient be partially disabled? | ~3/1/13 | From: 3, 22, 12 | To: |
| (C) | Was house confinement necessary? If "Yes" give dates | Yes ☐   No ☒ | From: ___/___/___ | To: |

| | | |
|---|---|---|
| (8) | To your knowledge, does patient have other health insurance or health plan coverage? If "Yes" identify. | Yes ☒   No ☐   United Health Care<br>Group #: 451628<br>Plan ID #: 911-87726-04<br>REMARKS   Member ID #: 930686402 |

| DATE | SIGNATURE (ATTENDING PHYSICIAN) | DEGREE | TELEPHONE |
|---|---|---|---|
| 10-6-12 | Dr. Sherri Y. Rino | D.C. | (501) 771-9993 |
| STREET ADDRESS | CITY OR TOWN | STATE OR PROVINCE | ZIP CODE |
| 3615 JFK Blvd | North Little Rock | AR | 72116 |

EXHIBIT

3

TEMPDIS/rev 1.0, 8/20

**LOTSolutions.**

Program Administrators
for National Union Fire Insurance Company of Pittsburgh, PA
P. O. Box 2066
Jacksonville, FL 32203-2066

11/05/2012

GLEN NEWBY
717 SILVER HILL RD
N LITTLE ROCK, AR  72118-2655

Claimant:        GLEN D. NEWBY
Policy Number:   51646840
Claim Number:    96061650

*I called after receiving this decline letter. I told them I had never claimed dismemberment. I was told it was done on the internet. I told them, I did not even have a computer!*

Dear GLEN NEWBY,

We have received and reviewed your claim.  After careful consideration we regret that we
must decline benefits for the following reason(s):

Disability is not due to dismemberment or paralysis based on the attending physician's statement.

If you have additional information, or any of the above is in error, you have the right to appeal
our decision.

If you decide to appeal, you or an authorized representative must send written notice
identifying all issues regarding the denial to the address at the top of this letter.  Include any
medical documentation or other evidence which supports your appeal and address the
reasons listed above.  Please send your information along with a copy of this letter to our
address above.  We will be glad to reconsider your documentation and our decision, and
notify you via mail within 15 business days.

Sincerely,

Claims Operations

Please note, by pointing out the foregoing, National Union Fire Insurance Company of Pittsburgh, PA
does not waive, but specifically reserves any and all rights and defenses it may have under the policy
and the applicable law.



A I G 0 0 0 0 0 0 0 0 8 4 1 3 4 7 4 0 0 1



EXHIBIT
4

**LOTSolutions.**

Program Administrators
for National Union Fire Insurance Company of Pittsburgh, PA
P. O. Box 2066
Jacksonville, FL 32203-2066

12/11/2012

GLEN NEWBY
717 SILVER HILL RD
N LITTLE ROCK, AR   72118-2655

Claimant:        **GLEN D. NEWBY**
Policy Number:    51646840
Claim Number:     96021618

Dear GLEN NEWBY,

We have received and reviewed your claim. After careful consideration we regret that we must decline benefits for the following reason(s): *I went to VA & There was no treatment for Back Injury o*

You were not enrolled in the policy at date of your loss, 9/25/09. Notes received indicate ongoing *This or any date until March 29, 2012* treatment for this diagnosis.

If you have additional information, or any of the above is in error, you have the right to appeal *in fact* our decision. *was not att despite that day at all*

If you decide to appeal, you or an authorized representative must send written notice identifying all issues regarding the denial to the address at the top of this letter. Include any medical documentation or other evidence which supports your appeal and address the reasons listed above. Please send your information along with a copy of this letter to our address above. We will be glad to reconsider your documentation and our decision, and notify you via mail within 15 business days.

Sincerely,

Claims Operations

Please note, by pointing out the foregoing, National Union Fire Insurance Company of Pittsburgh, PA does not waive, but specifically reserves any and all rights and defenses it may have under the policy and the applicable law.


A I G 0 0 0 0 0 0 0 0 8 2 6 8 1 5 7 0 0 5


EXHIBIT
5

## ATTENDING PHYSICIAN'S STATEMENT

### ACCIDENT OR SICKNESS

| PATIENT'S NAME AND ADDRESS | AGE |
|---|---|
| Newby, Glen D. | 50 |

| | | | |
|---|---|---|---|
| (1A) | Diagnosis and Concurrent Conditions (If fracture or dislocation, describe nature and location.) | Lumbar stenosis, instability | |
| (B) | Is condition due to injury or sickness arising out of patient's employment? If "Yes" explain | Yes ☐   No ☒ | 6/19/2012 |
| (2A) | When did symptoms first appear or accident happen? | Date: 06, 19, 2012 | |
| (B) | When did patient first consult you for this condition? | Date: 09, 13, 2012 | |
| (C) | Has patient ever had the same or similar condition? If "Yes" state when and describe | Yes ☐   No ☒ | |
| (3A) | Nature of surgical or obstetrical procedure, if any (describe fully) | Lumbar fusion surgery - | |
| (B) | Charge to patient for this procedure, including post-operative care | Date performed: 02, 07, 2013 | |
| (C) | If performed in hospital, give name of hospital | CAHB-LR, ARK. | Inpatient ☒ |
| | | Outpatient ☐ | |

| | | | CHARGE PER CALL |
|---|---|---|---|
| (4) | Give dates of other medical (non-surgical) treatment, if any | N/A | Office $ \_\_\_ \\ Home $ \_\_\_ \\ Hospital $ \_\_\_ \\ Nursing Home $ \_\_\_ \\ Total (non-surgical) $ \_\_\_ |
| | | charges: | |
| (5) | What other services, if any, did you provide or prescribe patient? (Itemize, giving dates and fees) | N/A | |
| (6) | Is patient still under your care for this condition? If "no" give date your services terminated | Yes ☒   No ☐ | Date: \_\_/\_\_/\_\_ |
| (7A) | How long was or will patient be continuously totally disabled (unable to work)? | From: 02, 07, 2013   08, 30, 2013 | To: |
| (B) | How long was or will patient be partially disabled? | From: 08, 30, 2013   \_\_/\_\_/\_\_ | To: |
| (C) | Was house confinement necessary? If "Yes" give dates | Yes ☐   No ☒ | From: \_\_/\_\_/\_\_   To: \_\_/\_\_/\_\_ |
| (8) | To your knowledge, does patient have other health insurance or health plan coverage? If "Yes" identify. | Yes ☐   No ☒ | |

### REMARKS

| DATE | SIGNATURE (ATTENDING PHYSICIAN) | DEGREE | TELEPHONE |
|---|---|---|---|
| 4/17/13 | [signature] Allan C. Foster | MD | (501) 257-6776 - |
| STREET ADDRESS | CITY OR TOWN | STATE OR PROVINCE | ZIP CODE |
| 4300 W. 7th | Little Rock | AR | 72205 |

EXHIBIT
6

rev 1.0. 8/2002

# Progress Notes

```
   LOCAL TITLE: MD CLINIC NOTE
STANDARD TITLE: PHYSICIAN OUTPATIENT NOTE
DATE OF NOTE: JUL 16, 2013@12:03      ENTRY DATE: JUL 16, 2013@12:04:02
     AUTHOR: GOCIO,ALLAN C         EXP COSIGNER:
     URGENCY:                            STATUS: COMPLETED
```

Mr. Glen Newby has been unable to perform work activity of any kind since Feb. 7, 2013 to the present date. Additional evaluation in in progress and additional healing must occur before his condition reaches maximal medical improvement.

/es/ ALLAN C GOCIO
MD NEUROSURGERY
Signed: 07/16/2013 12:07

Receipt Acknowledged By:
07/16/2013 12:40       /es/ VICKI A PHILLIPS

---

NEWBY,GLEN D
717 SILVER HILL RD
N LITTLE ROCK, ARKANSAS   72118

EXHIBIT
7

**National Union Fire Insurance Company of Pittsburgh, Pa.**

**PROOF OF LOSS**

Claims Department
P. O. Box 2066
Jacksonville, FL  32203
Phone: 866-960-0772 Fax: 904-421-5935

| NAME OF GROUP: | U.S. Bancorp |
|---|---|
| POLICY NUMBER: | 51646840 |

## TEMPORARY TOTAL DISABILITY ACCIDENT CLAIM FORM

| INSURED'S FULL NAME (PLEASE PRINT) | | CERTIFICATE NO. (IF APPLICABLE) |
|---|---|---|
| Glen Newby | | 51646840-mm1 |

| STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 717 Silver Hill Rd | N Little Rock | Ar | 72118 |

| DATE OF BIRTH | HEIGHT AND WEIGHT | MARITAL STATUS | TELEPHONE |
|---|---|---|---|
| 6-19-62 | 5'9"  200 lbs | Married | (501) 771 0320 |

| OCCUPATION | DUTIES | MONTHLY EARNINGS | WEEKLY EARNINGS |
|---|---|---|---|
| unemployed | | | |

| (1) | Give full description of injury or disease from which you are now suffering. If an injury, tell when, where and how it happened. | SICKNESS ☐ INJURY ☑ | unloading my b.ke at home |
|---|---|---|---|
| (2A) | Have you ever had this, or a similar condition, in the past? | Yes ☐ | Condition(s) ____ |
| (B) | If yes, state the nature of the condition, dates of treatment and names and addresses of treating doctors, hospitals and clinics. | No ☐ | Dates: ____ |

| (3A) | Give exact date when illness began, or injury occurred. | (A) Date: | 6-19-12 |
|---|---|---|---|
| (B) | When did you first consult a physician for this condition? | (B) Date: | 8-15-12 |
| (C) | When did you become totally disabled (unable to work)? | (C) Date: | 8-15-12 |
| (D) | When were you able to again perform part of your occupational duties? | (D) Date: | N/A |
| (E) | When were you able to again perform all of your occupational duties? | (E) Date: | N/A |
| (F) | If still totally disabled, when do you expect your disability to terminate? | (F) Date: | N/A |

| (4) | Hospitals (Give complete names, addresses and dates of confinement.) | NAMES | ADDRESSES | FROM | TO |
|---|---|---|---|---|---|
| (5A) | Give names, addresses and telephone numbers of all attending physicians. | NAMES | ADDRESSES | TELEPHONE | |
| (B) | Give name, address and telephone number of usual family physician. | NAMES | ADDRESS | TELEPHONE | |
| (6) | What other accident, sickness or disability insurance do you carry and what other organizations or companies have paid you indemnity for sickness or injury? | NAMES | ADDRESSES | BENEFITS | |
| (7) | What other medical or surgical treatment has been received during the past 5 years?  (Give dates, nature of illness or injury and names and addresses of all treating doctors, hospitals and clinics.) | NAMES | ADDRESSES | | |
| (8) | Names, addresses and telephone numbers of employers and length of employment with each? | NAMES Dewaffle bakers | ADDRESSES/TELEPHONE NUMBERS 10000 Crystal H.ll NLR Ar 72113  501 791 3322 | FROM Oct 13 08 | TO Sept 13 7 |

*See Med Records* (handwritten across rows 4–7)

I HEREBY CERTIFY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGN YOUR FULL NAME _B—n_  DATED: 4-17-13

### AUTHORIZATION

I, the undersigned authorize any hospital or other medical-care institution, physician or other medical professional, pharmacy, insurance support organization, governmental agency, group policyholder, insurance company, association, employer or benefit plan administrator to furnish to the InsuranceCompany named above or its representatives, any and all information with respect to any injury or sickness suffered by, the medical history of, or any consultation, prescription or treatment provided to, the person whose death, injury, sickness or loss is the basis of claim and copies of all of that person's hospital or medical records, including information relating to mental illness and use of drugs and alcohol, to determine eligibility for benefit payments under the Policy Number identified above.  I authorize the group policyholder, employer or benefit plan administrator to provide the Insurance Company named above with financial and employment-related information.  I understand that this authorization is valid for the term of coverage of the Policy identified above and that a copy of this authorization shall be considered as valid as the original.  I understand that I or my authorized representative may request a copy of this authorization.

For claimants not residing in California, New York, or Pennsylvania: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

SIGN YOUR FULL NAME _B—n_  DATED: 4-17-13

**PHYSICIAN'S STATEMENT ON OTHER SIDE**



EXHIBIT
8

TEMPDIS/rev 1.0, 8/2002



AIG Property Casualty
12 MetroTech Center
Brooklyn, NY 11201
www.aig.com

James Thomas
Analyst
718 250 1622 Telephone
718 250 1779 Facsimile
James.thomas1@AIG.com

March 13, 2013

Submitted via web portal:
Complaint.responses@arkansasg.gov

Tiora Davis
The Attorney General: State of Arkansas
323 Center Suite 1100
Little Rock, AR-72201

| Re: | Complainant: | Glen Deland Newby |
|---|---|---|
| | Insurer: | National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") |
| | NAIC No.: | 012-19445 |
| | Policy No.: | 9541790 |
| | Customer No.: | 51646840 |
| | Claim No.: | 96021618 |
| | Our File No.: | 20130235 |
| | Your File No.: | 101128 |

National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") has completed a review of the above-referenced complaint filed by Glen Newby with the Attorney General office of State of Arkansas regarding coverage under the Group Accident Insurance Program ("Program") underwritten by NUFIC. LOTSolutions, Inc. ("LOTS") is the third party claims administrator handling this claim on behalf of NUFIC.   Mr. Newby alleges LOTS has delayed processing his claim under this Program.

Mr. Newby's coverage initiated on May 18, 2011.  The Program offers Mr. Newby with 24 Hour coverage, and benefits for Accidental Dismemberment, Total Temporary Disability Accident ("TTD"), and Physician's Office Visit.

Mr. Newby tendered a TTD claim for his back injury, which he alleges that he sustained on June 19, 2012.  Supporting documents were submitted on September 21, 2012.  After further review, additional records, such as the incident report, details of the accident, letter from his physician, and a letter from his employer were requested in order to support Mr. Newby's TTD claim.  Following this request, on November 14, 2012, medical records were submitted, which indicated that Mr. Newby's back injury was a chronic medical condition, present since September 25, 2009. On December 12, 2012, LOTS denied Mr. Newby's claim, since his injury was prior to the coverage effective date of May 18, 2011.

Subsequent to this denial, an appeal was submitted by Mr. Newby on January 11, 2013.  LOTS is currently reviewing this matter and have requested additional information to verify the exact date of loss. Once these records are reviewed, Mr. Newby will be notified of LOTS' decision.



EXHIBIT

9



Should you require anything further, please do not hesitate to contact the
undersigned directly and reference our file number.

Sincerely,

**James Thomas**

James Thomas

# ROSE LAW FIRM
### A PROFESSIONAL ASSOCIATION

## ATTORNEYS

WRITER'S TELEPHONE

501-377-0417

120 East Fourth Street
Little Rock, Arkansas
72201-2893

501-375-9131
501-375-1309 FAX
www.roselawfirm.com

WRITER'S ELECTRONIC MAIL

kperkins@roselawfirm.com

June 20, 2013

AIG Property Casualty
Attn: James Thomas, Analyst
12 Metro Tech Center
Brooklyn, NY 11201
James.thomas1@aig.com

Claims Administration Department
LOTSolutions
P.O. Box. 2066
Jacksonville, FL 32203-2066

> Re:   Insured: Glen Deland Newby
>        Insurer: National Union Fire Insurance Company of Pittsburgh, PA
>        Policy No.: 9541790
>        Customer No.: 96021618

Dear Sir or Madam:

I am contacting you on behalf of my client, Glen Deland Newby. Mr. Newby has submitted a claim for benefits in relation to the referenced disability plan purchased from National Union Fire Insurance Company of Pittsburgh, PA. Mr. Newby has submitted all of the requested information to LOTSolutions, Inc. ("LOTS"), the third party administrator, but has yet to receive approval of his claim or any satisfactory answer as to why it was initially denied.

Mr. Newby submitted a Total Temporary Disability ("TTD") claim for a back injury sustained on June 19, 2012. After receiving medical records and supporting documentation, LOTS initially denied the claim, asserting that Mr. Newby had a chronic back condition that predated his effective coverage date of May 18, 2011. Mr. Newby submitted an appeal of the decision on January 11, 2013. In addition, Mr. Newby has obtained a statement from his physician concerning the June 19, 2012 injury, and the physician states that Mr. Newby had never had the same or a similar condition. Mr. Newby has called many, many times trying to determine the status of this matter and cannot get an answer. Mr. Newby has been told orally more than once that his claim is being denied because of a 2009 dismemberment claim. Obviously, this answer does not make sense because Mr. Newby is not dismembered and did not have the policy in 2009. Mr. Newby believes that he has submitted everything requested.



EXHIBIT
10

AIG Property Casualty
LOTSolutions
June 20, 2019
Page 2

     The lengthy delays occurring are prejudicial to my client.  My client has been unemployed for several months and is having to scrape up enough money to continue to pay the premiums on this policy while these delays are occurring.  One of your representatives has suggested to Mr. Newby that your company delays resolution on purpose so that insureds will run into problems with continuing to pay the premiums, and then the claims will be moot.

     Mr. Newby has asked us to file a complaint against your company unless we can immediately get this claim resolved favorably.  If there are any outstanding document or information requests, please let me know that as soon as possible.  We will proceed with preparing and filing a complaint if we do not hear from you by June 28, 2013.

     Please let me know if you have any questions concerning this matter.

          Sincerely yours,

          Kathryn Bennett Perkins

KBP/scs
cc:    Glen Newby

289064-1

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**GLEN NEWBY**                                                                    **PLAINTIFF**

v.                                        CASE NO. _____

**NATIONAL UNION FIRE INSURANCE COMPANY;**
**LOTS SOLUTIONS; and**
**AIG PROPERTY CASUALTY**                                          **DEFENDANTS**

## AFFIDAVIT OF GLEN NEWBY

I, Glen Newby, hereby certify, under penalty of perjury:

1.      My name is Glen Newby.

2.      I am a resident of Pulaski County, Arkansas.

3.      In May of 2011, I entered into a contract for insurance with National Union Fire Insurance Company.

4.      Since that time, I have paid my monthly premiums on my policy.

5.      Defendant has denied my claim for temporary total disability under the policy.

6.      I spoke with two employees of Lots Solutions who informed me that Defendant attempts to refuse payment of claims until insureds cease paying their premiums.

7.      I certify under penalty of perjury that my foregoing statements are true and correct.

Dated this _17_ day of July, 2013.

_____
Glen Newby



STATE OF ARKANSAS          )
                                    )
COUNTY OF _Pulaski_        )

On this 17 day of July, 2013 before me personally appeared Glen Newby, to me known to be the person described herein and who executed the foregoing instrument, and acknowledged that she executed the same knowingly and willingly and for the purposes therein contained.

Witness my hand and Notarial seal the day and year immediately above written.

_Ramona J. Beritiech_
Notary Public

My Commission Expires:

_June 3, 2015_

[Seal]

RAMONA F. BERITIECH
NOTARY
My Comm. Expires
JUNE 3. 2015
PUBLIC
PULASKI COUNTY, ARK.